

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2009

# In Re: Stephen Mitchell

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Stephen Mitchell " (2009). *2009 Decisions*. Paper 820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 09-2905
_____

IN RE: STEPHEN MITCHELL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:08-cv-00787; M.D. Pa. Civ. No. 3:08-cv-01588; and
M.D. Pa. Civ. No. 3:09-cv-00789)

_____

Submitted Under Rule 21, Fed. R. App. P.
July 31, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(filed: August 13, 2009)

_____

OPINION
_____

PER CURIAM.


        Stephen Mitchell is a Pennsylvania inmate who has filed three separate suits

in federal district court alleging violations of his civil rights related to various prison

practices and occurrences in the course of his incarceration.  All three suits are still

pending.  Mitchell has filed a petition for a writ of mandamus pursuant to 28 U.S.C.

1

§ 1651, apparently seeking to obtain faster adjudication of his suits by the United States District Court for the Middle District of Pennsylvania.

Mandamus is a "drastic remedy" which is generally used only to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (citations omitted). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" warrant the use of this extraordinary remedy. Id. (citation omitted). Relief is not warranted here.

Mitchell's three actions were filed in April 2008, August 2008, and April 2009, respectively. Review of the District Court's docket for each case reveals no delay that would constitute an exceptional circumstance. Accordingly, we will deny the petition. We also deny Mitchell's motion for appointment of counsel and his "Motion for Order of Protection."